UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ALFRED W. THOMAS, EDWARD ALLEN, and DODD BLANDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASTE PRO USA, INC., WASTE PRO OF FLORIDA, INC. and DELTA SANITATION OF MISSISSIPPI,<br><br>Defendants. | CIVIL ACTION NO:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs Alfred W. Thomas, Edward Allen, and Dodd Blandon, individually and on behalf of all others similarly situated, by their attorneys, file this Collective Action Complaint against Defendants Waste Pro USA, Inc., Waste Pro of Florida, Inc., and Delta Sanitation of Mississippi (collectively, "Defendants" or "Waste Pro"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to others.

**NATURE OF THE ACTION**

1. Plaintiffs bring this action under the FLSA on behalf of all non-exempt waste collection workers, including "Helpers" and "Drivers" and other individuals paid by the same compensation method holding comparable positions but different titles employed by Waste Pro at its locations within the United States at any time from September 25, 2014 and the date of final judgment in this matter who elect to opt-in to this action (the "Collective Action

Members"). Waste Pro violated the FLSA by failing to pay waste collection workers the legally required amount of overtime compensation in an amount required by law for all hours worked over forty in a workweek. Plaintiffs and the Collective Action Members are entitled to unpaid overtime wages for hours worked above forty in a workweek, and to liquidated damages pursuant to the FLSA.

2. By the conduct described in this Complaint, Defendants violated and continues to violate the FLSA by failing to pay Helpers, and Drivers and other similarly situated employees, including Plaintiffs and other workers, proper overtime wages as required by law. Defendants' payroll and compensation policies and practices with respect the collective are uniform.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Helpers, Drivers, and other similar employees, who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

5. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Defendants are subject to personal jurisdiction in Florida.

7. Defendants maintain places of business in Florida.

8. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391.

9. A substantial part of the events or omissions giving rise to claims in this

Collective Action Complaint occurred in this District.

## THE PARTIES

*Plaintiffs*

10. Plaintiff Alfred W. Thomas ("Thomas") is an adult individual who is a resident of Panama City, Florida, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

11. Thomas is a covered employee within the meaning of the FLSA.

12. Thomas has been employed by Defendants as a Helper in Mississippi and Florida from January 2016 to the present.

13. Plaintiff Dodd Blandon ("Blandon") is an adult individual who is a resident of Brookhaven, Mississippi, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

14. Blandon is a covered employee within the meaning of the FLSA.

15. Blandon has been employed by Defendants as a Helper in Mississippi from about January 2014 to the present.

16. Plaintiff Edward Allen ("Allen") has been employed by Defendants as a Helper in Mississippi and Florida from approximately January 2016 through the present, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiffs in this action.

17. Allen is a covered employee within the meaning of the FLSA.

18. Copies of the Plaintiffs' consent to join forms are attached as Exhibit A.

*Defendants*

19. Defendant Waste Pro USA, Inc. is a corporation organized and existing under the laws of the state of Florida. Defendant Waste Pro USA, Inc. is licensed and registered to do

business in Florida, with headquarters in Longwood, FL.  Defendant Waste Pro USA, Inc. provides garbage and waste removal services throughout the southeastern United States, including Florida, Mississippi, Tennessee, Louisiana, Arkansas, South Carolina, North Carolina, Alabama and Georgia.

20. Defendant Waste Pro Florida, Inc. is a corporation organized and existing under the laws of the state of Florida.  Defendant Waste Pro Florida, Inc. is licensed and registered to do business in Florida, with headquarters in Longwood, FL.  Defendant Waste Pro Florida, Inc. provides garbage and waste removal services throughout the state of Florida.

21. Defendant Delta Sanitation of Mississippi is a corporation organized and existing under the laws of the state of Florida. It is licensed and registered to do business in Mississippi. It has headquarters in Longwood, Florida.  Defendant Delta Sanitation of Mississippi provides garbage and waste removal services throughout the state of Florida and Mississippi.

22. Defendants are integrated enterprises engaged in commerce within the meaning of the FLSA because, among other reasons, they have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

23. Throughout the relevant period, Defendants have been covered employers as that term is used within the meaning of the FLSA and all other relevant laws. In addition, at all relevant times, Defendants have employed and/or jointly employed Plaintiffs and similarly situated employees.

24. Throughout the relevant period, Defendants' annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who have worked for Defendants as Helpers, Drivers, or other similar positions, anywhere in the United States, between September 25, 2014 and the date of final judgment in this matter who elect to opt-in to this action.

26. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the Collective Action Members. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are thousands of similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

27. All of the work that Plaintiffs and the Collective Action Members performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the Collective Action Members have performed.

28. Upon information and belief, Defendants' business is a centralized, top-down operation controlled by Defendants.

29. It is and has been Defendants' nationwide policy and pattern or practice to not pay Collective Action Members overtime pay as required by law.

## PLAINTIFFS' FACTUAL ALLEGATIONS

30. Plaintiffs and the Collective Action Members regularly worked more than 40 hours per work week.

31. Plaintiffs and the Collective Action Members are paid bi-weekly.

32. Plaintiffs and the Collective Action Members are paid a flat rate for a day's work, but that rate is cut in half or converted to an hourly rate if they work less than four hours in a day.

33. For example, during the two week pay period of August 28, 2016 to September 10, 2016, instead of receiving his day rate of $100 for all days worked during the pay period, Plaintiff Thomas received $50 for one day of work in which he worked less than 4 hours during that day.

34. When Thomas worked overtime hours, Defendants calculated his regular rate by dividing his total pay for the two-week pay period by the total number of hours worked and paying overtime wages at a half time rate.

35. For example, during the two week pay period of January 31, 2016 to February 13, 2016, Thomas worked 10 days and a total of 97.42 hours. Defendants divided his regular pay of $1,000 (10 days at $100 per day) by 97.42 and came up with a regular rate of $10.26 per hour. Defendants then paid ½ that rate ($5.13) for the 17.42 hours of overtime ($89.41).

36. The day rate that Defendants paid Thomas and the Collective Action Members appears to be intended to pay them for a normal work day of 8 hours.

37. The "day rate" is cut in half when they work less than 4 hours.

38. Because Defendants violated the day-rate method of paying wages and overtime compensation by not paying Plaintiffs and Collective Action Members a full day rate when they

6

work less than 8 hours in a day, Defendants violated the FLSA and must pay overtime wages at time and one-half for all overtime hours worked by Plaintiffs and Collective Action Members.

39. When they take sick or vacation time their banks of time are reduced by 8 hours for each day they take. For example, during the two week pay period from May 8, 2016 to May 21, 2016, Defendants took "8.00" hours of "sick" time out of Thomas' bank because he took one day off due to illness.

40. Because Defendants' day rate pay practice violated the FLSA, Defendants should have calculated Plaintiff Thomas' regular rate by dividing the ½ day rate of $50 by 4 (the maximum number of hours that ½ day rate was intended to compensate) or his full day rate of $100 by 8 (the number of hours the day rate was intended to compensate) or his full week's pay by 40 (the number of hours that 5 day's pay was intended to compensate). Such a calculation would have equaled $12.50 for Plaintiff Thomas' regular hourly rate of pay. Defendants should then have paid Plaintiff Thomas' overtime at 1.5 times that rate or $18.75. Defendants should have paid Thomas $326.63.

41. Because of its improper calculation of overtime, Defendants underpaid Plaintiff Thomas in that week by $237.21 ($326.63 - $89.41).

42. The "days" that Plaintiffs work are counted by the Defendants as shifts.

43. For example, in a two-week period from May 10, 2015, to May 23, 2015 Plaintiff Dodd Blandon worked sixteen and a half days. Because there are only fourteen days in a two-week period, the sixteen and a half 'days' Blandon worked must have been calculated as shifts and therefore Defendants did not pay him a 'day rate' under the law.

44. For example, in the two-week period from January 4, 2015 to January 17, 2015, Plaintiff Blandon was paid for eight and a half days. Therefore, he was not paid a flat day rate for

7

each day he worked. Nevertheless, Defendants only paid Plaintiff Blandon overtime wages at a half-time rate, rather than a time and a half overtime rate, as required by the FLSA.

45. In addition to paying the foregoing compensation to Plaintiffs and Collective Action Members, Defendants also pay safety bonuses in the amount of $50 or $100 per week.

46. These safety bonuses are not discretionary in nature under 29 CFR § 778.211 because they are promised to Plaintiffs and other putative Collective Action Members for performing work without any safety infractions, and for working complete workweeks without missing any days.

47. These safety bonuses are "additional compensation" that violate the FLSA's day rate regulation.

48. For example, during the week of March 4, 2016, Defendants, paid other compensation in the form of a safety bonus to Plaintiff Allen, but failed to pay him time and half-overtime.

49. The unlawful policies described in this Complaint applied to Plaintiffs Thomas, Allen, Blandon, and all other Collective Action Members.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**
**On behalf of Plaintiffs and the Collective Action Members**

50. Defendants, in failing to pay Plaintiffs and the Collective Action Members time and a half overtime premium pay when they work more than forty hours per week, have violated the FLSA.

51. While dividing total pay by total hours worked, whatever their number, may be permissible for true "day rate" employees, Defendants do not pay a true "day rate." Defendants do not pay a "flat sum for a day's work or for doing a particular job, ***without regard to the***

8

*number of hours worked in the day or at the job…"* 29 C.F.R. § 778.112. (emphasis added). Instead, Defendants pay one-half of their alleged "day rate" when Plaintiffs and other Collective Action Members work between zero and four hours in a day. Accordingly, Defendants should have divided Plaintiffs' total pay by forty (40) hours to determine the regular rate of pay and paid for all overtime hours worked at time and a half of the regular rate of pay.

52. In the alternative, Defendants have also violated 29 C.F.R. § 778.112 because they paid ostensible "day rate" compensation in addition to the non-discretionary safety bonuses while only paying a half-time overtime premium.

53. 29 C.F.R. § 778.112 provides as follows:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, *and if he receives no other form of compensation for services,* his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

*Id.* (emphasis added).

54. Defendants have violated by the FLSA by paying an ostensible "day rate" and a half-time premium while also paying non-discretionary safety bonuses which are another form of compensation.

55. Defendants' failure to pay a time and a half overtime premium has been willful in that they knew that they were not paying a true and proper "day rate" as defined by 29 C.F.R. § 778.112 and yet used the half-time rate of overtime calculation nonetheless.

56. As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages and are entitled to recovery of such damages, liquidated damages, attorneys' fees, costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

    A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendants as Helpers, Drivers, or similar positions subject to the same or similar compensation practice. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    B.    Unpaid overtime under the FLSA;

    C.    Liquidated damages permitted under the FLSA;

    D.    Attorneys' fees and costs of suit, including expert fees; and

    E.    Such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: September 27, 2017
       Boca Raton, Florida

Respectfully submitted,

By:_____
Gregg I. Shavitz
Alan Quiles
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432

10

T. (561) 447-8888
F. (561) 447-8831
gshavitz@shavitzlaw.com

Michael J. Palitz*
SHAVITZ LAW GROUP, P.A.
830 Third Avenue, 5th Floor
New York, New York 10022
T.  (800) 616-4000
mpalitz@shavitzlaw.com

Richard E. Hayber *
Hayber Law Firm, LLC
Bar No.: CT11629
221 Main Street, Suite 502
Hartford, Connecticut 06106
Telephone: (860) 522-8888
rhayber@hayberlawfirm.com

Nicholas A. Migliaccio *
Jason S. Rathod *
MIGLIACCIO & RATHOD LLP
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

D. Aaron Rihn *
ROBERT PEIRCE & ASSOCIATES, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918
Telephone:    412-281-7229
arihn@peircelaw.com

*Attorneys for Plaintiffs and Putative Collective Action Members*

* *pro hac vice admission to be sought*

# Exhibit A

| | |
|---|---|
| ALFRED W. THOMAS, EDWARD ALLEN and DODD BLANDON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs<br><br>v.<br><br>WASTE PRO USA, INC., WASTE PRO OF FLORIDA, INC., and DELTA SANITATION OF MISSISSIPPI,<br><br>Defendants | CIVIL ACTION NO.: |

## CONSENT TO JOIN ACTION AND
## AUTHORIZATION TO REPRESENT

I, __Alfred W Thomas__, consent to be a party plaintiff in the above action pursuant to Section 16(b) of the Fair Labor Standards Act, and authorize the Hayber Law Firm, LLC, of Hartford, Connecticut to act on my behalf in all matters relating to this action, including adjudicating or settling my claims for overtime compensation and any other benefits including liquidated damages available under the Fair Labor Standards Act. I agree and understand that said attorneys shall file this Consent with the Court in support of my claims.

_Alfred Thomas_　　　　　　　　　　　9-25-2017
Signature　　　　　　　　　　　　　　　Date

_Alfred W Thomas_
Printed name (Please print clearly)

Address: 961 Arbours Drive
Panama City, FL 32401

| | |
|---|---|
| ALRED W. THOMAS, EDWARD ALLEN and DODD BLANDON, individually and on behalf of all others similarly situated,<br>　　　　　　　　　Plaintiffs<br><br>v.<br><br>WASTE PRO USA, INC., WASTE PRO OF FLORIDA, INC., and DELTA SANITATION OF MISSISSIPPI,<br><br>Defendants | CIVIL ACTION NO.: |

## CONSENT TO JOIN ACTION AND AUTHORIZATION TO REPRESENT

I, _Dodd Blandon_, consent to be a party plaintiff in the above action pursuant to Section 16(b) of the Fair Labor Standards Act, and authorize the Hayber Law Firm, LLC, of Hartford, Connecticut to act on my behalf in all matters relating to this action, including adjudicating or settling my claims for overtime compensation and any other benefits including liquidated damages available under the Fair Labor Standards Act. I agree and understand that said attorneys shall file this Consent with the Court in support of my claims.

_____　　　　　_9-25-17_
Signature　　　　　　　　　　　　　　　Date

_Dodd Blandon_
Printed name (Please print clearly)

Address: _PO Box 3262_
　　　　　_Brookhaven, MS. 39603_

## NOTICE OF CONSENT

By my signature below, I consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act against Waste Pro of Florida, Inc., Waste Pro USA, Inc. ("Waste Pro") and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act for the claims set forth in the Complaint. I hereby appoint Nicholas Migliaccio and Jason Rathod of Migliaccio & Rathod LLP, 412 H St NE, Suite 302, Washington, D.C. 20002; D. Aaron Rihn of Robert Peirce & Associates, P.C., 2500 Gulf Tower, 707 Grant Street, Pittsburgh, PA 15219-1918; and others that the above attorneys choose to associate with to represent me in this case.

Date: _____

_____
Eddie l allen (May 22, 2017)

Eddie l allen