**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALFRED W. THOMAS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

WASTE PRO USA, INC. and
WASTE PRO OF FLORIDA, INC.,

    Defendants.

Case No: 8:17-cv-02254-CEH-CPT

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND/OR TO STAY DEADLINE FOR PLAINTIFF TO FILE RESPONSE TO <u>DEFENDANTS' SUMMARY JUDGMENT MOTIONS</u>**

Plaintiff Alfred Thomas, by and through counsel and pursuant to the Federal Rules of Civil Procedure, Local Rules for the Middle District of Florida, and this Honorable Court's Case Management Report and Scheduling Order, respectfully requests that this Court enter an Order extending the time for him to respond to Defendants' Motions for Summary Judgment and/or staying Plaintiff's response to Defendants' three separate summary judgment motions (ECF Nos. 183, 185, and 187) ("Defendants' SJ Motions") until this Court rules on Plaintiff's Motion to Strike those three Motions. ECF No. 194. In support of the instant Motion, Plaintiff states:

1. On January 10, 2019, Plaintiff filed a Motion to Strike Defendants' SJ Motions because Defendants exceeded the one summary judgment rule and filed more than one summary judgment motion each. ECF No. 194. As explained in the Motion to Strike, to date Defendants have filed seven summary judgment motions. ECF Nos. 112, 113, 114, 118, 183, 185, 187.

2. Plaintiff's current deadline to respond to Defendants' most recent SJ Motions is January 18, 2019.

3. Plaintiff requests an extension of time to respond to Defendants' SJ Motions

1

and/or a stay of the deadline to respond to those Motions pending the Court's decision on Plaintiff's Motion to Strike.

4. The Court has discretion in extending deadlines to respond to motions. Fed. R. Civ. P. 6. In determining whether to grant an extension to a deadline that would become moot pending the resolution of a motion, "the court must balance the harm produced by a delay…against the possibility that the motion will be granted and entirely eliminate the need." *ELI Research, LLC v. Must Have Info Inc.*, No. 2:13-cv-695-FtM-38CM, 2014 U.S. Dist. LEXIS 69681, at *4 (M.D. Fla. May 21, 2014).

5. Applying this balancing test, if the Motion to Strike is granted, the need for Plaintiff to respond to those three separate SJ Motions will be "entirely eliminate[d]." *See ELI Research*, 2014 U.S. Dist. LEXIS 69681, at *4. Assuming the Court grants the Motion to Strike (which is likely considering Defendants have filed **seven** motions for summary judgment and Plaintiff's own Motion for Summary Judgment was stricken for filing a separate statement of facts), *and* proscribes Defendants from refiling due to their flagrant violation of the one-motion rule, then absent an extension pending the Court's Order on the Motion to Strike, Plaintiff could be responding to a motion that permanently strikes Defendants' SJ Motions. Alternatively, if the Court grants the Motion to Strike and allows Defendants to refile, then Plaintiff would be responding to a refiled "consolidated" Motion for Summary Judgment, thereby rendering his response to the three separate SJ Motions superfluous. Under either scenario, judicial economy favors granting Plaintiff an extension until the Motion to Strike is resolved so Plaintiff responds – if even ultimately necessary – to the operative SJ Motion(s). Moreover, the brief delay to allow the Court to rule on the Motion to Strike will not prejudice Defendants; nor will it affect any pre-trial deadlines.

6.     Good cause exists for Plaintiff's request to stay the response deadline to Defendants' SJ Motions. Given that Plaintiff's Motion to Strike is meritorious, granting an extension of time for Plaintiff to respond to Defendants' SJ Motions pending the resolution of Plaintiff's Motion to Strike allows Plaintiff to avoid expending unnecessary resources preparing responses in the event that the Motion to Strike is granted. *See Colony Ins. Co. v. Peace River Design-Build, Inc.*, No. 08 Civ. 14252, 2009 U.S. Dist. LEXIS 140543, at *10-11 (S.D. Fla. May 26, 2009) (granting defendant extension of time to respond to plaintiff's motion for summary judgment pending court's ruling on defendant's motion to stay); *Taylor v. Air Atlanta Icelandic*, No. 11 Civ. 60289, 2011 U.S. Dist. LEXIS 37949, at *6-7 (S.D. Fla. Mar. 25, 2011) (granting extension of time to respond to motion to dismiss pending court's ruling on motion to remand).

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff an extension of time and/or stay Plaintiff's response to Defendants' SJ Motions until the Court issues an order on Plaintiff's Motion to Strike.

Dated: January 15, 2019               Respectfully submitted,

/s/ Logan A. Pardell_____
Logan A. Pardell
Gregg I. Shavitz
Alan Quiles
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
T. (561) 447-8888
F. (561) 447-8831
lpardell@shavitzlaw.com
gshavitz@shavitzlaw.com
aquiles@shavitzlaw.com

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
800 Third Avenue, Suite 2800
New York, New York 10022
T. (800) 616-4000

        F. (561) 447-8831
mpalitz@shavitzlaw.com

Richard E. Hayber*
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, Connecticut 06106
T. (860) 522-8888
rhayber@hayberlawfirm.com

Nicholas A. Migliaccio *
Jason S. Rathod *
MIGLIACCIO & RATHOD LLP
412 H St., NE, Suite 302
Washington, DC 20002
T.  (202) 470-3520
F.  (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

D. Aaron Rihn*
ROBERT PEIRCE & ASSOCIATES, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918
T.  412-281-7229
arihn@peircelaw.com

*Attorneys for Plaintiffs and Putative Collective Action Members*

*admitted *pro hac vice*

## **CERTIFICATE OF GOOD FAITH**

     Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that counsel for Plaintiff has conferred with counsel for Defendants, and that Defendants oppose the relief requested herein.

        s/Logan A. Pardell
        Logan A. Pardell

4

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was furnished to the below-named attorneys for Defendants on this 15th day of January 2019 by notification through the Court's electronic case filing system:

STOVASH, CASE & TINGLEY, P.A.
Amy S. Tingley, Esquire
Florida Bar Number 0068871
Email: atingley@sctlaw.com
Matthew J. Pearce, Esquire
Florida Bar Number 0108368
Email: mpearce@sctlaw.com
The VUE at Lake Eola 220 North Rosalind Avenue
Orlando, Florida 32801
Telephone: (407) 316-0393

                                    *s/Logan A. Pardell*
                                    Logan A. Pardell, Esq.