UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED W. THOMAS,

    Plaintiff,

v.                                      Case No: 8:17-cv-2254-T-36CPT

WASTE PRO USA, INC. and WASTE PRO
OF FLORIDA, INC.,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon the Plaintiff's Motion to Strike Defendants' Three Most Recent Summary Judgment Motions (Doc. 194) ("Motion to Strike"), Defendants' response in opposition to the motion (Doc. 198), Plaintiff's Motion for Extension of Time and/or to Stay Deadline for Plaintiff to File Response to Defendants' Summary Judgment Motions (Doc. 196) ("Motion to Stay or Extend"), and Defendants' response in opposition to the motion (Doc. 199). In the Motion to Strike, Plaintiff argues that three summary judgment motions filed by Defendants should be stricken because Defendants did not seek leave of the Court prior to filing multiple motions. Doc. 194. In the Motion to Stay or Extend, Plaintiff contends that the Court should stay or extend Plaintiff's deadline to respond to Defendants' motions for summary judgment pending resolution of Plaintiff's Motion to Strike because doing so will promote efficiency in the event that the Motion to Strike is granted. Doc. 196. The Court, having considered the motions and being fully advised in the premises, will deny Plaintiff's Motion to Strike and Motion to Stay or Extend.

**A.    BACKGROUND**

This is a collective action filed pursuant to § 216(b) of the FLSA by Plaintiff Alfred W. Thomas pertaining to the pay of certain "Helpers" employed by Defendants Waste Pro USA, Inc.,

and Waste Pro of Florida, Inc. ("Defendants"), which alleges willful violations of the FLSA. Doc. 111 ¶¶ 1, 64, 72. During the course of the litigation, Defendants have filed various summary judgment motions against opt-in plaintiffs, generally arguing that these opt-in plaintiffs did not work as Helpers during the relevant time period. *See* docs. 112-114, 118. The opt-in plaintiffs who were the subject of these motions responded by advising the Court that they did not oppose the motions, the opt-in plaintiff who was the subject of the fourth motion did not respond, and the motions were granted. Docs. 112-114, 118, 135-137, 144, 167.

On January 4, 2019, Defendants filed an additional joint motion for summary judgment as to an opt-in plaintiff (Doc. 183), Defendant Waste Pro USA, Inc. filed an independent motion for summary judgment (Doc. 185), and Defendant Waste Pro of Florida, Inc. filed a separate independent motion for summary judgment (Doc. 187).

The deadline to respond to Defendants' motions for summary judgment is January 18th. Prior to that deadline, Plaintiff filed the Motion to Strike, arguing that Defendants could not file multiple motions for summary judgment without first obtaining leave to do so from the Court and requesting that the Court strike the three motions filed on January 4. Doc. 194. Plaintiff also filed the Motion to Stay or Extend, arguing that such an extension or stay would promote efficiency in the event that the motion to strike is granted. Doc. 196.

Defendants respond that the Motion to Strike should be denied because multiple motions were required to dismiss opt-in plaintiffs whose claims were clearly barred, Plaintiffs did not oppose the prior filing of multiple motions (and, in fact, consented to several), and the Court does not uniformly follow the "one summary judgment" rule. Doc. 198. Additionally, Defendants oppose the Motion to Stay or Extend, arguing that Plaintiff's request is for an indefinite amount of time that would impact the dispositive motion deadline, which should not be granted except where

necessary to prevent manifest injustice. Doc. 199 at 1-2. Defendants contend that Plaintiff did not show any manifest injustice, but argued instead that his motion was supported by good cause. *Id.* at 2-3. Additionally, Defendants urge that good cause does not exist. *Id.* at 3.

## II. DISCUSSION

Both Local Rule 3.01(a) and the Case Management and Scheduling Order limit motions for summary judgment to twenty-five pages. M.D. Fla. R. 3.01(a); Doc. 87 at 6. The United States District Court for the Middle District of Florida has previously stricken duplicative motions for summary judgment filed without obtaining leave of the Court because such motions addressed common questions of law and fact; constituted wasteful, piecemeal pretrial activity; or sought to circumvent the page limit. *Benhassine v. Star Transp. Mgmt., Inc.*, No. 6:12-cv-1508-Orl-37GJK, 2013 WL 12164716, at *1-2 (M.D. Fla. Oct. 29, 2013); *see also Mckenzie-Warton v. United Airlines*, No. 8:15-cv-114-17MAP, 2016 WL 5346948, at *7 (M.D. Fla. Sept. 23, 2016); *Se. Metals Mfg. Co., Inc. v. Fla Metal Prods., Inc.*, No. 3:09-cv-1250-J-25TEM, 2011 WL 833260, at *1 (M.D. Fla. Mar. 7, 2011) (stating that the local rules require motions to be presented in a single document not exceeding twenty-five pages despite the fact that most summary judgment motions address more than one issue, and explaining that allowing multiple motions would allow parties to exceed the page limitation by simply filing separate motions for each issue).

Nonetheless, Plaintiff does not address the important distinction between this collective action and those cases—namely, that the motions are directed to or by separate parties. Defendants have not filed successive summary judgment motions to avoid the page limit or engage in piecemeal pretrial activity. Instead, Defendants have filed separate motions against distinct parties. Each of the jointly-filed summary judgment motions filed by Defendants address specific opt-in plaintiffs. Docs. 112-114, 118, 183. Defendants then filed individual motions specifically

3

addressing the merits of the case against them.  Docs. 185, 187.  They, therefore, have not filed successive motions against the same party, and were not required to obtain leave to file multiple motions for summary judgment under these circumstances.

Moreover, Plaintiff's argument that it is unfair to permit Plaintiff to file only one summary judgment motion while allowing Defendants to file multiple, and requiring Plaintiff to respond to multiple, is disingenuous.  As an initial matter, it is not unfair that Defendants are separate entities, brought into this action by Plaintiff, that are permitted to file separate motions for summary judgment.  Nor is it unfair that Defendants filed motions related to specific opt-in plaintiffs separate from Plaintiff.

Moreover, the multiple motions filed by Defendants as to specific opt-in plaintiffs have not created a burden for Plaintiff.  With respect to the first three motions filed by Defendants, the opt-in plaintiffs (not Plaintiff) responded by filing one-page notices to advise the Court that they did not oppose the motions.  (Docs. 112-114, 135-137).  Neither Plaintiff nor the relevant opt-in plaintiff responded to the fourth motion for summary judgment.  Doc. 118.  Indeed, contrary to Plaintiff's assertions, these motions have not clogged the Court's docket but have, in fact, streamlined the case.

Accordingly, Plaintiff's Motion to Strike is denied.  Additionally, because the Motion to Stay or Extend is based on the Motion to Strike, it is denied as moot.

**Accordingly, it is ORDERED**:

1.     Plaintiff's Motion to Strike Defendants' Three Most Recent Summary Judgment Motions (Doc. 194) is **DENIED.**

2.     Plaintiff's Motion for Extension of Time and/or to Stay Deadline for Plaintiff to File Response to Defendants' Summary Judgment Motions (Doc. 196) is **DENIED**.

3. Because Plaintiff's deadline to respond to Defendants' pending motions for summary judgment is today, January 18, 2019, the Court will extend that deadline by one week, to and including January 25, 2019.

**DONE AND ORDERED** in Tampa, Florida on January 18, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any