# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| ALFRED W. THOMAS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>WASTE PRO USA, INC. and<br>WASTE PRO OF FLORIDA, INC.,<br><br>      Defendants. | Case No: 8:17-cv-02254-CEH-CPT |

## PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Plaintiff Alfred Thomas, by and through counsel and pursuant to the Federal Rules of Evidence and the Local Rules for the Middle District of Florida, respectfully requests that this Court take judicial notice of certain facts and documents. The documents and facts come from federal court dockets and the Florida Secretary of State's government database. Plaintiff asked Defendants to agree to judicial notice of these documents and undisputed facts but Defendants refused without offering a reason. For the following reasons, Plaintiff's request meets the requirements of Fed. R. Evid. 201 and Plaintiff's motion should be granted.

**I.  The Court Should Take Judicial Notice of the Following Documents**

1. A true and accurate copy of the complaint filed by Roger Andreu against Waste Pro of Florida, Inc., John Jennings, and Russell Mackie was attached as Exhibit E to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-5]. The *Andreu* complaint is the first docket entry in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) and is available as a public record via the Southern District of Florida's PACER system at D.E. 1 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

2. A true and accurate copy of the trial transcript in *Andreu v. Waste Pro of Florida, Inc., et*

1

*al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibits F, Q, S, T and VV to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-6, 17, 19, 20, 49].[1]  The trial transcript is available as a public record via the Southern District of Florida's PACER system at D.E. 141-145 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

3.  A true and accurate copy of the docket sheet in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit G to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-7].  This *Andreu* docket sheet is available as a public record via the Southern District of Florida's PACER system at No. 0:17-cv-60926 (S.D. Fla.).

4.  A true and accurate copy of the signed April 20, 2018 verdict form in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit H to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-8].  This signed verdict form is available as a public record via the Southern District of Florida's PACER system at D.E. 125 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

5.  A true and accurate copy of the Final Judgment in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit I to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-9].  This Final Judgment is available as a public record via the Southern District of Florida's PACER system at D.E. 127 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

6.  True and accurate copies of the Florida and Foreign Profit Corporation Annual Reports for Waste Pro USA, Inc., Waste Pro of Alabama, Inc., Waste Pro of Florida, Inc., Waste Pro of Georgia, Inc., Waste Pro of Louisiana, Inc., Waste Pro of Mississippi, Inc., Waste Pro of North Carolina, Inc., and Waste Pro of South Carolina, Inc. were attached as Exhibit Y to Plaintiff's

---

[1] If it would please the Court, Plaintiff can submit another copy of all documents referenced herein to Chambers.  Plaintiff previously submitted a courtesy copy of all of these documents to Chambers with Plaintiffs' Amended Motion for Summary Judgment on January 21, 2019.

Amended Motion for Partial Summary Judgment [D.E. 197-25]. These documents were filed with the Florida Secretary of State and are publically available via the Florida government website of the Florida Department of State Division of Corporations at https://dos.myflorida.com/sunbiz/manage-business/efile/annual-report/.

7. A true and accurate copy of the answer filed by Waste Pro of USA, Inc. in *Michael Riddle v. Waste Pro of USA, Inc.*, No. 6:11-cv-01593 (M.D. Fla.) was attached as Exhibit KK to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-37]. The *Riddle* answer is available as a public record via the Middle District of Florida's PACER system at D.E. 3 in *Riddle v. Waste Pro of USA, Inc.*, No. 6:11-cv-01593 (M.D. Fla.).

8. A true and accurate copy of the Answer and Affirmative Defenses filed by Waste Pro of Florida, Inc., John Jennings, and Russell Mackie in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit SS to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-45]. The Answer and Affirmative Defenses are available as a public record via the Southern District of Florida's PACER system at D.E. 20 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

9. A true and accurate copy of the witness list for Defendants Waste Pro of Florida, Inc. and Russell Mackie in the *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) trial was attached as Exhibit TT to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-46]. The witness list is available as a public record via the Southern District of Florida's PACER system at D.E. 91-6 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

10. A true and accurate copy of Exhibit 3 of Defendants Waste Pro of Florida, Inc. and Russell Mackie in the *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.)

trial was attached as Exhibit UU to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-47]. The *Andreu* Defendants' Exhibit 3 is available as a public record via the Southern District of Florida's PACER system at D.E. 133-1 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

11. A true and accurate copy of Waste Pro of Florida, Inc. and Russell Mackie's Renewed Motion for Judgment as a Matter of Law or in the Alternative for a New Trial or in the Alternative to Amend Final Judgment and Incorporated Memorandum of Law was attached as Exhibit XX to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-50]. This Renewed Motion and Incorporated Memorandum of Law is available as a public record via the Southern District of Florida's PACER system at D.E. 147 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.). Counsel for Defendants, Amy Tingley, Esq., signed this Renewed Motion and Incorporated Memorandum of Law.

12. A true and accurate copy of the August 17, 2018 Order Denying Waste Pro of Florida, Inc. and Russell Mackie's Renewed Motion for Judgment as a Matter of Law or in the Alternative for a New Trial or in the Alternative to Amend Final Judgment and Incorporated Memorandum of Law signed by District Judge William P. Dimitrouleas of the Southern District of Florida was attached as Exhibit YY to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-51]. This Order is available as a public record via the Southern District of Florida's PACER system at D.E. 160 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

13. A true and correct copy of the Satisfaction of Judgment in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit ZZ to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-52]. This Satisfaction of Judgment

is available as a public record via the Southern District of Florida's PACER system at D.E. 161 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

14. A true and accurate copy of Exhibit 3 of Plaintiff Roger Andreu in the *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) trial was attached as Exhibit U to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-21]. The *Andreu* Plaintiff's Exhibit 3 is available as a public record via the Southern District of Florida's PACER system at D.E. 131-3 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

15. A true and accurate copy of a portion of Shane Munoz, Esq.'s April 18, 2018 testimony in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit Q to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-17] and Exhibit D to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [D.E. 207-4]. This testimony is available as a public record via the Southern District of Florida's PACER system at D.E. 143 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

16. A true and accurate copy of a portion of Regina Lombardo's April 17, 2018 testimony in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit S to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-19]. This testimony is available as a public record via the Southern District of Florida's PACER system at D.E. 142 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

17. A true and accurate copy of a portion of Roger Andreu's April 16, 2018 testimony in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit T to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-20]. This

testimony is available as a public record via the Southern District of Florida's PACER system at D.E. 141 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

18.     A true and accurate copy of a portion of Russell Mackie's April 17, 2018 testimony in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit S to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-19].  This testimony is available as a public record via the Southern District of Florida's PACER system at D.E. 142 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

19.     A true and accurate copy of Judge Dimitrouleas' Order Denying Waste Pro of Florida, Inc.'s Motion for Summary Judgment in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit A to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [D.E. 207-1].  The Order is available as a public record via the Southern District of Florida's PACER system at D.E. 79 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

20.     A true and accurate copy of Waste Pro of Florida, Inc.'s Motion for Summary Judgment in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) was attached as Exhibit B to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [D.E. 207-2].  Defendant's Motion is available as a public record via the Southern District of Florida's PACER system at D.E. 49 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

21.     A true and accurate copy of Exhibits B and C to Waste Pro of Florida, Inc.'s Reply in Support of its Motion for Summary Judgment in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) were attached as Exhibit C to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [D.E. 207-3].  Defendant's Exhibits are available as

a public record via the Southern District of Florida's PACER system at D.E. 66-1, 66-2, and 66-3 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

**II.     The Court Should Take Judicial Notice of the Following Adjudicative Facts**

1.      On May 9, 2017, Roger Andreu filed a complaint against Waste Pro of Florida, Inc., John Jennings, and Russell Mackie.  *See* D.E. 197-5.

2.      Trial in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) began on April 16, 2018.  *See* D.E. 197-7 at *Andreu* D.E. 141.

3.      During trial in *Andreu*, defendants' witness Regina Lombardo, testified:

> Q:   Waste Pro has a policy to pay employees less than their full day rate for hours worked less than 4.1, right?
> A:   Yes.

D.E. 197-19 (Lombardo Testimony in *Andreu*); *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) at D.E. 142 at 248:24-249:1.

4.      During trial in *Andreu*, defendant Russell Mackie, testified:

> Q.   Okay. So, is that a policy for Waste Pro's drivers and helpers, or is it a policy for Roger Andreu?
> A.   No. I believe we've paid half the daily rate in other situations.
> Q.   Okay. Like what?
> A.   Tasks that were just a few hours' worth of work.
> Q.   Okay. Like less than four hours maybe?
> A.   Uhm, I don't know -- I don't remember saying four hours as a threshold, so I'm sorry.
> Q.   Okay.
> A.   But is generally not a route or reasonable day's worth of, you know, responsibility worth of work.

D.E. 197-19 (Mackie Testimony in *Andreu*); *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) at D.E. 142 at 294:7-18.

5.      During trial in *Andreu*, defendants' witness Shane Munoz, Esq., testified:

> Q:   Now, have you ever had an opportunity to be hired by Waste Pro?
> A.   Yes.

7

Q. Okay. And how long -- and was it for purposes of this advice and counseling?
A. I believe my first work, and certainly my most substantial work, for Waste Pro was advice and counseling work, yes.
Q. Okay. And when were you retained to do that?
A. Uhm, I don't know the exact date, but my guess would be that it was early 2013 when I was initially engaged to do that.
Q. And without going into the nature of any of the advice you gave, when you -- what type of audit was this or retention was it?
A. The retention was to conduct a top down end-to-end audit of the labor and employment practices for Waste Pro. So, everything from hiring and firing, to worker's compensation, to immigration, wage and hour.
Q. And speaking specifically to wage and hour, were they seeking advice under the Fair Labor Standards Act?
A. Primarily, because that's the federal statute that covers that area of the law.
Q. And were you involved -- was your firm involved or were you personally involved with this engagement?
A. Both. The firm was engaged to do the work. I was the lead attorney on the matter.
Q. And how long did this audit take?
A. (No response)
Q. If you recall.
A. I don't recall in terms of months. But I would guess that we probably spent more than 500 hours on it, and perhaps – it might have been a thousand hours approximately, I don't really know, spread out over a period of months.
Q. And do you recall how many attorneys had worked on this?
A. I don't know the exact number, but I'm sure it was at least ten.
Q. And what -- in the context of the Fair Labor Standards Act wage and hour aspect of this, did you review the overtime practices of Waste Pro?
A. Absolutely.
Q. Okay. And what types of things did you look at or did you review in order to give your advice?
MR. EDWARDS: Objection. Calls for hearsay.
THE COURT: Overruled.
A. We reviewed a broad range of things. Uhm, if I recall correctly, at the time, Waste Pro was divided into maybe seven different regions. We went to at least one location in every region, and in some locations went -- in some regions went to multiple locations so we could actually talk to people in each job position at the company and find out what they were doing. Because that's part of the analysis of determining how somebody should be paid. We reviewed payroll records, we reviewed actual pay practices, we watched the process for people clocking in and clocking out at the end of the day. We -- we directly interviewed people at all levels in the company, from the very top all the way down to the lowest paid employees.

> Q. Okay. And now speaking specifically to Waste Pro Florida in the southeast region, and -- do you know whether your audit encompassed that region?
> A. It did.

D.E. 197-49 (Munoz Testimony in *Andreu*); *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) at D.E. 143 at 412:12-414:21.

6. Shane Munoz, Esq. further testified in *Andreu:*

> Q. Okay. Did you become familiar with how Waste Pro Florida, and specifically in the southeast region, was paying its drivers and helpers?
> A. Yes.
> Q. Okay. And do you recall whether that was something that you took a look at, was the payment structure?
> A. Very definitely, yes.
> Q. Okay. And do you recall how those drivers and helpers were paid?
> A. My recollection is that they were paid based on a combination of factors. One was a day rate. And then there were at least two or maybe three different safety bonus -- bonuses that they could earn that would be added to that. And then there was also -- I forget exactly what the term was that Waste Pro used to refer to it, but there could be supplemental pay if you did extra work as well.

D.E. 197-49 (Munoz Testimony in *Andreu*); *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) at D.E. 143 at 418:14-419:4.

7. Shane Munoz, Esq. further testified in *Andreu:*

> Q. Were you ever told about a half day rate policy?
> A. I don't recall knowing about a half day rate policy.
> Q. Okay.
> A. Again, that was five years ago.
> Q. Were you ever told about a policy where day rate employees would be paid less than their full day rate if they worked less than 4.1 hours?
> A. And I should be clear. I assumed your question was talking about during the audit. I wasn't referring back to the deposition you took.
> Q. Certainly. Yes, during the audit.
> A. I don't recall that either, no.

D.E. 207-4 (Munoz Testimony in *Andreu*); *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) at D.E. 143 at 407:15-408:1.

8. During closing arguments in *Andreu*, Plaintiff's attorney made the following argument:

> 'A flat rate, regardless of the number of hours worked.' Both sides in this case have showed you that Waste Pro broke that rule and does not pay a true day rate. We saw two occasions where Waste Pro paid Mr. Andreu a half day rate -- once on September 30th of 2016 and on a second occasion on April 16th of 2016 -- 2017, I apologize.
>
> You'll notice in the jury instruction regarding the day rate, there is no reference to a half day rate, none at all. That's because a payment of a half day rate means that time is factored in. And under the day rate, you cannot factor time in. It is a flat rate, regardless of the hours worked in a day. For that reason, it's not a legal day rate.
>
> It's important, too, because Waste Pro didn't tell you that this is maybe two isolated incidents, there was an accounting error, maybe someone inputted the numbers incorrectly. You heard different from that. You heard that there's a policy at Waste Pro, a policy to pay employees a half day rate when they work less than 4.1 hours in a day. That means that this is not a day rate, and they cannot use that calculation to determine overtime.
>
> This matters because on those two occasions, Mr. Andreu was supposed to receive his day rate of $207.79. So, it means not only did they not pay him the half of that, the other half of his day rate, which would be $103.89, but it's more important that. Because as we'll explain to you, when you calculate overtime, you have to calculate all of the compensation and all of the hours that the parties agreed that the job or task or work or whatever rate was intended to compensate them for.
>
> And what that means is that since that additional payment was not included in his total compensation, it dilutes and whittles away and waters down his overtime. You are the ones that will be charged with determining that. And my words, again, are not evidence. But you will find, even under Waste Pro's math, that Mr. Andreu is owed money for those half pay days. Because it affects the way his overtime is paid.
>
> But it's more than that. It's more than that, because it's not just about those two instances and the 30-some-odd dollars he may be owed in overtime for those. It's more important than that because what this does is it shows that they cannot utilize that payment methodology, they can't utilize that half time rate to calculate Mr. Andreu's overtime. That's why this information was not given to the attorney you saw testify yesterday when he conducted his audit of their payment practices. He hadn't heard of that. He hadn't considered it in his audit. That's why Mr. Mackie contradicted himself about whether or not that policy exists.

D.E. 197-6 (Closing Arguments in *Andreu*); *Andreu v. Waste Pro of Florida, Inc., et al.*,

No. 0:17-cv-60926 (S.D. Fla.) at D.E. 144.

9.      On April 20, 2018, the jury in *Andreu* returned a verdict against *Andreu* Defendants Waste Pro of Florida and Russell Mackie in the amount of $34,531.96 in unpaid overtime wages and answered a question finding that these Defendants' actions were not taken in good faith and were not in conformity with and in reliance on a written administrative interpretation by the Department of Labor.  D.E. 197-8 (*Andreu* verdict form); *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) at D.E. 125.

10.     On April 20, 2018, District Judge Dimitrouleas entered Final Judgment against *Andreu* Defendants Waste Pro of Florida and Russell Mackie, awarding Plaintiff Andreu $34,531.96 in unpaid overtime wages and $34,531.96 in liquidated damages.  D.E. 197-9 (*Andreu* Final Judgment); *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) at D.E. 127.

11.     Waste Pro of Florida, Inc. made the following argument in *Andreu*:

> The foregoing evidence demonstrates that Waste Pro fully intended to comply with the FLSA and that it undertook extensive efforts to do so. Under the subjective good faith component, 'the employer has the burden of proving that it had an honest intention to ascertain what the Act requires and to act in accordance with it.' *Dybach, supra*, 942 F.2d at 1566. Here, Waste Pro's hiring of FordHarrison - one of the nation's preeminent labor and employment law firms – to evaluate its method of calculating overtime compensation for day rate employees shows that it had an 'honest intention' to ascertain the applicable requirements of the FLSA. Moreover, Waste Pro's 'honest intentions' are demonstrated by the fact that it provided FordHarrison with all of the documents that it required for the audit, including payroll records of hundreds of employees, as well as access to employees at all levels of the company. Waste Pro's cooperation in the audit, as described by Mr. Muñoz in his trial testimony, shows that Waste Pro honestly intended to determine the requirements of the FLSA and to ensure that it acted in compliance with its mandates.
>
> As for the objective good faith component, the employer must show that 'it had reasonable grounds for believing that its conduct comported with the Act.' *Dybach*, 942 F.2d at 1567. It was eminently reasonable for Waste Pro to rely on legal advice it received from Mr. Muñoz, who has practiced in the labor and

> employment area for nearly thirty years, and from FordHarrison, which has extensive experience advising employers regarding the requirements of the FLSA. Indeed, Mr. Muñoz testified at trial that he believed his legal advice was reasonable under his understanding of the law, *see* Ex. 1 at p. 459:3-5, and there was no evidence showing that Waste Pro had any reason to believe otherwise.
>
> The evidence at trial plainly established that Waste Pro acted in good faith to determine whether its payment practices complied with the FLSA. As such, Defendants met their burden of establishing good faith and the Final Judgment should be amended to remove the liquidated damages award.

D.E. 197-50 at p. 22-23; D.E. 147 at p. 22-23 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

12. Waste Pro of Florida, Inc. made the following statement in *Andreu*:

> At trial, Plaintiff contended that the fact that he received bonuses removed him from the purview of 29 C.F.R. § 778.112, such that he was an hourly employee entitled to the overtime premium at one and a half times his regular rate.

D.E. 197-50 at p. 6; D.E. 147 at p. 6 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

13. Waste Pro of Florida, Inc. made the following argument in *Andreu*:

> The evidence at trial established that there were only two (2) occasions in three (3) years when Plaintiff was not paid his full day/job rate, and approved being paid that rate, as compared to 56 times Plaintiff worked less than eight (8) hours and was paid the full day/job rate. *See*, Plaintiff's Exhibits 1-3, 7-9. Given the infrequency and inconsistency of those half day payments, said payments would not act to invalidate the day/job rate compensation plan.

D.E. 197-50 at p. 11; D.E. 147 at p. 11 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.).

14. On September 29, 2011, Waste Pro of USA, Inc. answered a complaint filed by Michael Riddle who worked as a driver. The answer was filed in *Michael Riddle v. Waste Pro of USA, Inc.*, No. 6:11-cv-01593 (M.D. Fla.) as docket entry 3. In the answer, Waste Pro of USA, Inc. admitted that it employed Mr. Riddle and denied his claims for unpaid wages. The *Riddle*

answer is available as a public record via the Middle District of Florida's PACER system at D.E. 3 in *Riddle v. Waste Pro of USA, Inc.*, No. 6:11-cv-01593 (M.D. Fla.) and was attached as Exhibit KK to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-37].

### III.   Argument

"Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial notice of 'a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Zurich Am. Ins. Co. v. Southern-Owners Ins. Co.*, 314 F. Supp. 3d 1284, 1300 (M.D. Fla. 2018) (quoting Fed. R. Evid. 201(b)).

#### A.   The Court Should Take Judicial Notice of these Documents

Plaintiff asks the Court to take judicial notice of 21 documents – 19 documents were filed in the *Andreu* litigation, 1 document was filed in the *Riddle v. Waste Pro USA, Inc.* litigation, and 1 group of documents were filed with the Florida Secretary of State. With respect to the *Andreu* documents, "courts may take judicial notice of documents from a prior proceeding because they are matters of public record and 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *Zurich*, 314 F. Supp. 3d at 1300 (quoting *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010)). A "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Zurich*, 314 F. Supp. 3d at 1300 (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

In this case, Plaintiff is asking the Court to take judicial notice of the *Andreu* documents

to establish the fact that they were filed and the averments made in the documents. *Suncoast Waterkeeper v. City of Gulfport*, 2017 U.S. Dist. LEXIS 65959, at *9 (M.D. Fla. May 1, 2017) (citing *Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1278 (11th Cir. 1999) (determining that the court could take judicial notice of public documents filed "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents")). Plaintiff has shown above that each *Andreu* document is a part of the Court record and docket in *Andreu* and all documents are publically available via PACER. Defendants cannot dispute these facts. Indeed, Defendants submitted many of these documents and Defendants' counsel (the same counsel in this case) signed them. Accordingly, the Court should take judicial notice of these documents.

Plaintiff asks the Court to take judicial notice of the answer filed by Waste Pro of USA, Inc. in *Michael Riddle v. Waste Pro of USA, Inc.*, No. 6:11-cv-01593 (M.D. Fla.). Again, Defendant Waste Pro of USA, Inc. filed this document in this Court and it is publically available on PACER. Defendants cannot dispute these facts and the Court should take judicial notice of this document.

Plaintiff also asks the Court to take judicial notice of records filed with the Florida Secretary of State, specifically Florida and Foreign Profit Corporation Annual Reports for Waste Pro USA, Inc., Waste Pro of Alabama, Inc., Waste Pro of Florida, Inc., Waste Pro of Georgia, Inc., Waste Pro of Louisiana, Inc., Waste Pro of Mississippi, Inc., Waste Pro of North Carolina, Inc., and Waste Pro of South Carolina, Inc. These documents are publically available via the Florida government website of the Florida Department of State Division of Corporations at https://dos.myflorida.com/sunbiz/manage-business/efile/annual-report/. *Allstate Ins. Co. v. Estate of Levesque*, 2010 U.S. Dist. LEXIS 83299, at *5-6 (M.D. Fla. July 19, 2010) (granting

14

motion for judicial notice of documents filed in Florida Department of State Division of Corporations). As in the *Allstate Ins. Co*. case, Plaintiff is seeking judicial notice to the limited extent of noticing what is stated in the Division of Corporation documents, not to establish as true the facts stated therein (although Defendants would be hard pressed to deny these facts as true given that Defendants certified that they are accurate to the Division of Corporations).

## B. The Court Should Take Judicial Notice of these Adjudicative Facts

Plaintiff also asks the Court to take judicial notice of ten adjudicative facts. None of these facts are in dispute. *First*, Plaintiff asks the Court to take judicial notice of when Plaintiff Andreu filed a case against Waste Pro of Florida, Inc., John Jennings, and Russell Mackie and when the trial occurred in that matter. Both facts are matters of public records per the *Andreu* docket in the Southern District of Florida. *Second*, Plaintiff asks the Court to take judicial notice of the date of the *Andreu* verdict, the fact that the *Andreu* verdict was against Defendants Waste Pro of Florida and Russell Mackie, the amount of the verdict, and the jury's response to a question concerning the good faith issue presented in the case. These are undisputed facts taken from the verdict form in *Andreu*. *See* D.E. 197-8 (*Andreu* verdict form); *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) at D.E. 125.

*Third*, Plaintiff asks the Court to take judicial notice of the fact that District Judge Dimitrouleas entered Final Judgment against *Andreu* Defendants Waste Pro of Florida and Russell Mackie, awarding Plaintiff Andreu $34,531.96 in unpaid overtime wages and $34,531.96 in liquidated damages. D.E. 197-9 (*Andreu* Final Judgment); *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.) at D.E. 127. Like the others, this fact is undisputed and confirmed by the Final Judgment.

*Fourth*, Plaintiff asks the Court to take judicial notice of the arguments Waste Pro of Florida, Inc. made in *Andreu* as to the good faith issues and FordHarrison LLP's audit. Plaintiff quotes precisely from Waste Pro of Florida, Inc.'s argument in motion papers filed in *Andreu*. D.E. 197-50 at p. 22-23; D.E. 147 at p. 22-23 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.). Plaintiff quotes the documents Waste Pro of Florida, Inc. filed in *Andreu* and there is no dispute that Waste Pro of Florida, Inc. made these arguments – the same arguments it made in this case.

*Fifth*, Plaintiff asks the Court to take judicial notice of two statements made by Waste Pro of Florida, Inc. regarding the half-day payments and bonus payments in *Andreu*. D.E. 197-50 at p. 6; D.E. 147 at p. 6 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.); D.E. 197-50 at p. 11; D.E. 147 at p. 11 in *Andreu v. Waste Pro of Florida, Inc., et al.*, No. 0:17-cv-60926 (S.D. Fla.). Plaintiff quotes the documents Waste Pro of Florida, Inc. filed in *Andreu* and there is no dispute that Waste Pro of Florida, Inc. made these statements and arguments – the same arguments it made in this case.

*Sixth*, Plaintiff asks this Court to take judicial notice that Regina Lombardo testified during trial in *Andreu* that there was a policy in which day rate employees were paid a half day rate if they work four hours or less in a day. Plaintiff quotes Ms. Lombardo's testimony at trial which cannot be disputed.

*Seventh*, Plaintiff asks this Court to take judicial notice that Russell Mackie testified during trial in *Andreu* that there was a policy in which day rate employees were paid a half day rate if they worked for only a few hours. Plaintiff quotes Mr. Mackie's testimony at trial which cannot be disputed.

*Eighth*, Plaintiff asks the Court to take judicial notice that Shane Munoz, Esq. testified during trial in *Andreu* that (i) Waste Pro of Florida, Inc. hired him to complete a top down audit of the company's human resources policies and practices at each of WP USA's seven regions; (ii) the audit included an analysis of WP USA's compensation policies, including how it paid its "day rate" workers, both Helpers and Drivers; and (iii) that he did not recall ever being informed about the half day rate policy. Plaintiff quotes Mr. Munoz's testimony at trial which cannot be disputed.

*Ninth*, Plaintiff asks the Court to take judicial notice that plaintiff's counsel in *Andreu* argued that Waste Pro of Florida, Inc.'s utilization of a half day rate prohibited Waste Pro of Florida, Inc. from paying overtime at a half time rate, thereby entitling the plaintiff to an overtime premium of one-and-a-half times his regular rate of pay. Plaintiff quotes the arguments at trial which cannot be disputed.

*Tenth*, Plaintiff asks the Court to take judicial notice that Waste Pro of USA, Inc. admitted that it employed a driver (named Mr. Riddle) and denied his claims for unpaid wages. The *Riddle* answer is available as a public record via the Middle District of Florida's PACER system at D.E. 3 in *Riddle v. Waste Pro of USA, Inc.*, No. 6:11-cv-01593 (M.D. Fla.) and was attached as Exhibit KK to Plaintiff's Amended Motion for Partial Summary Judgment [D.E. 197-37]. Waste Pro of USA, Inc. cannot deny that it made such admissions in a prior judicial proceeding that it was an employer under the Fair Labor Standards Act.

All of the facts for which Plaintiff seeks judicial notice "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, the facts all come directly from documents filed in federal court in cases involving Waste Pro of Florida, Inc. and/or Waste Pro of USA, Inc. or from documents

Defendants submitted to the Florida Secretary of State. Some facts are direct quotations and admissions made by Waste Pro of Florida, Inc. and/or Waste Pro of USA, Inc. in prior litigation. The Court can easily determine their accuracy by reviewing the *Andreu* and *Riddle* docket and filings. Accordingly, the Court should take judicial notice of these facts.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Judicial Notice.

Dated: February 22, 2019                    Respectfully submitted,

*/s/ Logan A. Pardell*
Logan A. Pardell
Gregg I. Shavitz
Alan Quiles
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
T. (561) 447-8888
F. (561) 447-8831
lpardell@shavitzlaw.com
gshavitz@shavitzlaw.com
aquiles@shavitzlaw.com

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
800 Third Avenue, Suite 2800
New York, New York 10022
T. (800) 616-4000
F. (561) 447-8831
mpalitz@shavitzlaw.com

Richard E. Hayber*
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, Connecticut 06106
T. (860) 522-8888
rhayber@hayberlawfirm.com

Nicholas A. Migliaccio *
Jason S. Rathod *
MIGLIACCIO & RATHOD LLP
412 H St., NE, Suite 302

        Washington, DC 20002
        T.  (202) 470-3520
        F.  (202) 800-2730
        nmigliaccio@classlawdc.com
        jrathod@classlawdc.com

        D. Aaron Rihn*
        ROBERT PEIRCE & ASSOCIATES, P.C.
        2500 Gulf Tower
        707 Grant Street
        Pittsburgh, PA 15219-1918
        T.  412-281-7229
        arihn@peircelaw.com

        *Attorneys for Plaintiffs and Putative Collective Action Members*

*admitted pro hac vice*

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that counsel for Plaintiff has conferred with counsel for Defendants, and that Defendants oppose the relief requested herein. Defendants previously indicated that they would agree to judicial notice of two documents but then backtracked and did not respond to Plaintiffs' last communication to attempt to reach agreement on those documents before filing this motion.

        */s/ Logan A. Pardell*
        Logan A. Pardell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished to the below-named attorneys for Defendants on this 22nd day of February 2019 by notification through the Court's electronic case filing system:

    STOVASH, CASE & TINGLEY, P.A.
    Amy S. Tingley, Esquire
    Florida Bar Number 0068871
    Email: atingley@sctlaw.com
    Matthew J. Pearce, Esquire
    Florida Bar Number 0108368

Email: mpearce@sctlaw.com
The VUE at Lake Eola 220 North Rosalind Avenue
Orlando, Florida 32801
Telephone: (407) 316-0393

*/s/ Logan A. Pardell*
Logan A. Pardell, Esq.