UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED W. THOMAS, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.

    Case No: 8:17-cv-02254-CEH

WASTE PRO USA, INC., a Florida corporation and WASTE PRO OF FLORIDA, INC., a Florida corporation,

    Defendants.
_____/

### DEFENDANTS' OBJECTION AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Defendants, WASTE PRO USA, INC. ("Waste Pro USA"), and WASTE PRO OF FLORIDA, INC. ("Waste Pro Florida") object and respond in opposition to Plaintiff Alfred Thomas' Motion for Judicial Notice (Doc. 222) (the "Motion For Judicial Notice"), as follows:

In his Motion for Judicial Notice, Plaintiff, Alfred W. Thomas ("Plaintiff"), asks this Court to take judicial notice of thirty-three (33) documents (the "Documents"), none of which are relevant to the instant matter.[1] The Documents include pleadings, orders, motions, and other filings from *Andreu v. Waste Pro of Florida, Inc., et al.*, 17-cv-60926-WPD (the "*Andreu* case") and *Riddle v. Waste Pro USA, Inc.,* 6:11-cv-01593 (the "*Riddle* case"), transcripts of witness testimony and argument of counsel from trial in the *Andreu* case, a copy of the court docket of the *Andreu* case, and annual reports filed with the Florida Secretary of State by Waste

---

[1] In the Motion for Judicial Notice, Plaintiff asks this Court to take notice of twenty-one (21) documents; however, the actual number of documents Plaintiff offers for the Court's consideration is thirty-three (33). [Doc. 222, p. 13.]

Pro USA, Waste Pro Florida, and six (6) other entities that are not parties to this matter.[2] Plaintiff also asks the Court to take judicial notice of fourteen (14) "adjudicative facts" and an additional ten (10) "adjudicative facts," which are actually Plaintiff's self-serving interpretation of the contents of the Documents. [*Id.* at pp. 7, 15.]

Plaintiff's request is improper because he asks this Court to take judicial notice of the factual and legal findings within the Documents. Consequently, the Motion for Judicial Notice should be denied.

## ARGUMENT AND CITATION OF AUTHORITY.

At the outset, the Motion for Judicial Notice should be denied because Plaintiff seeks judicial notice of his *interpretation* of the Documents' *contents*, which is improper. As this Court has stated, "where necessary and to promote clarity," a court may take judicial notice of other court documents "for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation; however, the court will not take judicial notice of any factual findings or legal conclusions within those documents." *See Medical & Chiropractic Clinic, Inc. v. Oppenheim*, 2018 U.S. Dist. LEXIS 130585, *2, fn. 3 (M.D. Fla. Aug. 3, 2018) (citing FED. R. EVID. 201(b); *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994); *Zurich Am. Ins. Co. v. Southern-Owners Ins. Co.*, 314 F. Supp. 3d 1284, 1299-1300 (M.D. Fla. May 21, 2018); *Evanston Ins. Co. v. Premium Assignment Corp.*, 2012 U.S. Dist. LEXIS 165711, at *1-3 (M.D. Fla. Nov. 20, 2012)).

Courts in the Eleventh Circuit have taken a similar approach with respect to public

---

[2] It is unclear for what purpose the Documents are being offered by Plaintiff, as it is not specified in his Motion for Judicial Notice.

records and court dockets. *See Garcia v. Kashi Co.,* 43 F. Supp. 3d 1359, 1369-70 (S.D. Fla. September 5, 2014) (taking judicial notice of documents from the Federal Register for the limited purpose "that these are true copies of the items … not … the various arguments made by the parties relative to the meaning and import of the[se] documents") (citing *Randolph,* 2014 U.S. Dist. LEXIS 33396 at *4 (same)); *see also Zurich Am. Ins. Co.,* 314 F. Supp. 3d at 1300 (judicial notice of a court docket is limited to determine that such documents were filed and that certain actions were taken by the parties and the court; a court will not take notice of the facts contained within those documents) (citing *Kruse, Inc. v. Aqua Sun Invs., Inc.,* 2008 U.S. Dist. LEXIS 7066, at *3 n.2 (M.D. Fla. Jan. 31, 2008) (same)).

The Motion for Judicial Notice goes far beyond the permissible bounds of Rule 201. Essentially, Plaintiff asks this Court to expand the record in this case to include the factual findings, arguments, and legal conclusions advanced within the Documents (i.e. his cherry-picked "adjudicative facts"), which is improper. *See Vongrabe v. Rice,* 2006 U.S. Dist. LEXIS 44275, *5, 2006 WL 1805873 (M.D. Fla. June 29, 2006) (Courts may take judicial notice of the fact that the proceedings occurred and the subject matter thereof, but "not … of any factual findings, arguments, or legal conclusions advanced within those documents."). Indeed, even in the case Plaintiff cites, *Suncoast Waterkeeper v. City of Gulfport*, 2017 U.S. Dist. LEXIS 65959 (M.D. Fla. May 1, 2017), judicial notice was only taken as to the fact that declarations were filed in another case, but not as to the contents of those declarations. *Id.* at *9 [Doc. 222, p. 14.]

Defendants do not dispute the actual *filing* of the Documents, but their bearing on Plaintiff's argument is undoubtedly subject to reasonable dispute. As this Court explained,

3

filings, *themselves,* are not subject to reasonable dispute. *See Oppenheim*, 2018 U.S. Dist. LEXIS 130585 at *2 fn. 3 (*emphasis added*). By its language, Rule 201 allows judicial notice only of "a fact that is *not* subject to reasonable dispute." FED. R. EVID. 201(b)(*emphasis added*); *Grayson,* 869 F.3d at 1210.[3] Indisputability is a prerequisite. *Id.* (citing *Jones,* 29 F.3d at 1553) (finding that it was inappropriate for the district court to take judicial notice of facts in another court's order because the other court's findings were not sufficient to indisputably establish facts that the parties still disputed)). To be sure, a court may not decide a disputed fact and instruct a verdict in whole or in part. *See United States v. Chapman,* 692 Fed. Appx. 583, 584 (11th Cir. 2017).

While the Court may take judicial notice of the existence of the Documents offered by Plaintiff; it should not take judicial notice of Plaintiff's opinion of how a matter of public record should be interpreted. As such, Plaintiff's Motion as to the Documents and the "adjudicative facts" that relate to them should be denied.

As to the trial transcripts and exhibits from the *Andreu* case (Docs. 197-6, 197-17, 197-19, 197-20, 197-21, 197-47, 197-49 and 207-4), judicial notice is not proper. *See Garcia v. Kashi Co.,* 43 F. Supp. 3d 1359, 1370 (S.D. Fla. September 5, 2014) (declining to take judicial notice of a transcript of statements given before Congress because they were not adjudicative facts); *see also Randolph v. J.M. Smucker Co.,* 2014 U.S. Dist. LEXIS 33396, at *4 (S.D. Fla.

---

[3] Rule 201's requirements also have practical implications. Indeed, if it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of issue preclusion would be superfluous. *Evanston Ins. Co.,* 2012 U.S. Dist. LEXIS 165711, at *4 (citing *Jones,* 29 F.3d at 1553); *see also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (noting that instances where a factual finding from another court could satisfy Rule 201's indisputability requirement for judicial notice would be rare)).

Mar. 14, 2014) (same)). Additionally, while the authenticity and existence of an order, motion, pleading, or judicial proceeding is judicially noticeable as a matter of public record, the veracity and validity of its contents (i.e., the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not. *See United States v. Warren,* 2009 U.S. Dist. LEXIS 11123, *5, (M.D. Fla. Feb. 4, 2009) (declining to take judicial notice of the testimony presented, exhibits tendered, arguments of the lawyers, or the rulings of the judge during an evidentiary hearing in another proceeding).

Moreover, to the extent Plaintiff seeks to admit the trial transcripts from the *Andreu* case, they are inadmissible hearsay. *See* FED. R. EVID. 801(c) ("Hearsay is a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."). Statements made in other proceedings presented "for the truth of the matters asserted therein are not the proper subject for judicial notice." *FDIC v. Aultman,* 2013 U.S. Dist. LEXIS 93656, *16-17, (M.D. Fla. July 3, 2013) (declining to take judicial notice of statements made in other proceedings where they were presented "for the truth of the matters asserted therein")).

Plaintiff apparently offers the trial transcripts to prove the truth of the matter asserted therein. [*See* Doc. 222, p. 16, 17.] However, not only is the testimony of the witnesses that Plaintiff offers hearsay on its face, the arguments of Roger Andreu's and Waste Pro's counsel is double hearsay. Accordingly, Defendants object to the admissibility of these documents and the Court should decline to take judicial notice of those documents and the "adjudicative facts" that relate to them.

Plaintiff's various arguments why the Documents are not subject to reasonable dispute

is not persuasive. First, it is not enough to simply assert that the Documents are public records. Plaintiff contends that "courts may take judicial notice of documents from a prior proceeding because they are matters of public record…" [Doc. 222, p. 13.] However, "matters of public record" are not the equivalent of "matters discussed in public records."

Moreover, even if a Document is a public record, it does not mean that the significance of its contents is "not subject to reasonable dispute." FED. R. EVID. 201(b). It is one thing to take judicial notice of *certified* documents on file with the Division of Corporations, the *undisputed* information at issue in one of the few cases relied on by Plaintiff. *See Allstate Ins. Co. v. Estate of Levesque,* 2010 U.S. Dist. LEXIS 83299, *4, (M.D. Fla. Jul. 10, 2010). [Doc. 222, p. 14.]  But it would be another matter altogether to accept as true the meaning Plaintiff has assigned to the fragments of language pulled from various, unrelated proceedings, exhibits, and filings on the notion that they are "public records."

Finally, Plaintiff incorrectly assumes that information found in court records is necessarily a proper subject of judicial notice. This Court, as well as others in this District, have taken judicial notice of the filings in underlying actions without accepting as true everything that may be included in a court document. *See Medical & Chiropractic Clinic, Inc., infra; see also Warren, infra.* Witness testimony, exhibits, and argument presented by a party in litigation, are not judicially noticeable facts.

Should the Court take judicial notice of any of the Documents offered by Plaintiff in his Motion For Judicial Notice, that decision does not constitute a determination regarding the admissibility of such documents for the purposes of the instant litigation. *See Amegy Bank N.A. v. DB Private Wealth Mortg., Ltd.,* 2014 U.S. Dist. LEXIS 8418, *4, (M.D. Fla. Jan. 23, 2014)

(A court's decision to take judicial notice of documents filed in another proceeding does not constitute a determination regarding the admissibility of such documents for the purposes of the instant litigation.) As such, Defendants object to the admissibility of the Documents offered by Plaintiff in his Motion For Judicial Notice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judicial Notice should be denied.

Respectfully submitted this 8th day of March, 2019.

        STOVASH, CASE & TINGLEY, P.A.

        By: *Amy S. Tingley*
        Amy S. Tingley, Esquire
        Florida Bar No. 0068871
        Matthew J. Pearce, Esquire
        Florida Bar No. 0108368
        Jennifer E. Belbeck, Esquire
        Florida Bar no. 88946
        The VUE at Lake Eola
        220 N. Rosalind Avenue
        Orlando, Florida 32801
        Telephone: (407) 316-0393
        Telecopier: (407) 316-8969
        *Counsel for Defendants, Waste Pro USA, Inc. and Waste Pro of Florida, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the below-named attorney this 8th day of March, 2019.

| | |
|---|---|
| ___HAND DELIVERY | Greg I. Shavitz, Esquire |
| ___U.S. MAIL | Alan L. Quiles, Esquire |
| ___FAX TRANSMISSION | Logan A. Pardell |
| ___EMAIL TRANSMISSION | SHAVITZ LAW GROUP, P.A. |
| __√ECF NOTICE | 1515 S. Federal Hwy Suite #404 |
| | Boca Raton, Florida 33432 |
| | gshavitz@shavitzlaw.com |

aquiles@shavitzlaw.com
lpardell@shavitzlaw.com
*Counsel for Plaintiffs and Punitive Collective Action Members*

Michael Palitz, Esquire
SHAVITZ LAW GROUP, P.A.
830 Third Avenue 5th Floor
New York, NY 10022
mpalitz@shavitzlaw.com
*Counsel for Plaintiffs and Punitive Collective Action Members*

Richard E. Hayber, Esquire
HAYBER LAW FIRM, LLC
221 Main Street Suite #502
Hartford, CT 06106
rhayber@hayberlawfirm.com
*Counsel for Plaintiffs and Punitive Collective Action Members*

Nicholas A. Migliaccio, Esquire
Jason S. Rathod, Esquire
MIGLIACCIO & RATHOD, LLP
412 H St., NE Suite #302
Washington, DC 20002
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
*Counsel for Plaintiffs and Punitive Collective Action Members*

*/s/ Amy S. Tingley*
Amy S. Tingley