**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALFRED W. THOMAS, individually
and on behalf of all others similarly
situated,

      Plaintiffs,                        Case No:  8:17-cv-02254-CEH

v.

WASTE PRO USA, INC., a Florida
corporation, WASTE PRO OF
FLORIDA, INC., a Florida corporation,

      Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS THE WITHDRAWN CLAIMS OF
TIME-BARRED OPT-IN PLAINTIFFS AND INCORPORATED
MEMORANDUM OF LAW**

Defendants, WASTE PRO USA, INC. ("Waste Pro USA"), and WASTE PRO OF

FLORIDA, INC. ("Waste Pro Florida"), by counsel and pursuant to Rules 12(b)(6) and

41(b), *Federal Rules of Civil Procedure*, move to dismiss the withdrawn claims of the

undisputedly time-barred Opt-in Plaintiffs, as follows:

I.      **FACTUAL AND PROCEDURAL BACKGROUND**.

During the Court-Authorized Notice Period, the following individuals became

party Plaintiffs in this action upon filing their respective Consents to Join this action:

Roberto Manzo (Doc. 228, p. 4), Jesus de Jesus (Doc. 256-1, p. 7), Ihosvany Diaz (Doc.

254-1, p. 23), Joseph Parker (Doc. 254-1, p. 12), Calvin Gilyard (Doc. 255-1, p. 5), Rex

Hess (Doc. 259-1, p. 99), Francisco Rodriguez (*Id*. at p. 60), Roberto Alonso (*Id*. at p. 52),

Figaro Fucien (*Id*. at p. 123), Jose Veloz-Placencia (*Id*. at p. 122), Frederick Rutherford

(*Id*. at p. 163), Terrence Watkins (*Id*. at p. 126), and Michael Sapp (*Id*. at p. 89) (collectively the "Time-Barred Opt-In Plaintiffs").

The Time-Barred Opt-In Plaintiffs' FLSA claims are indeed subject to the statute of limitations, as detailed in Defendants' respective motions for summary judgment. [Docs. 260, 261, 263, 265, 273, 277, 281, 282, 283, 285, 286, 291.]  After receiving the summary judgment motions, Plaintiff filed Notices of Withdrawal of Consent to Join as to the Time-Barred Opt-in Plaintiffs. [Docs. 242, 298.] Plaintiff's withdrawals, however, have no legal impact as they do not dismiss or alter these individual's status as party Plaintiffs to this action. Nevertheless, Plaintiff refuses to agree to a dismissal of the Time-Barred Opt-In Plaintiffs claims despite well-settled Eleventh Circuit authority contrary to his position.

II.   **MEMORANDUM OF LAW**.

Plaintiff can cite to no authority that allows him to simply withdraw the Time-Barred Plaintiffs from this case without a joint stipulation of dismissal or Court Order. *See Devries v. Morgan Stanley & Co. LLC,* 2015 U.S. Dist. LEXIS 149643, *13 (S.D. Fla. Oct. 30, 2015) (unpublished) (report & recommendation) ("Because Plaintiffs had neither the consent of the Defendants nor the approval of the Court, [the opt-ins plaintiffs'] Notices of Withdrawal … are without legal support and should be stricken.").  Rule 41(a) is clear that, after an answer has been filed, plaintiffs may only dismiss their claims by stipulation or court order. FED. R. CIV. P. 41(a)(1)(A). *Id*.

The Eleventh Circuit has held that "by referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Prickett v. DeKalb Cnty.*, 349 F.3d 1294,

1297 (11th Cir. 2003). Thus, the Time-Barred Opt-In Plaintiffs are party plaintiffs and any dismissal must comply with Rule 41, FED. R. CIV. P.

Moreover, Plaintiff's collective action alleges that Defendants violated the Fair Labor Standards Act, **any** settlement agreement that has been reached by the parties, including voluntary dismissal or stipulation of dismissal, must be approved by the Court. *See Lynn*'s *Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) ("Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees."); *see also Cabral v. Alberto & Alberto Enter. Corp.,* 2012 U.S. Dist. LEXIS 100226, *1-2 (M.D. Fla. July 19, 2012) ("[T]he parties' ability to stipulate to a dismissal of an action pursuant to Rule 41(a)(1)(A)(ii) is '[s]ubject to . . . any applicable federal statute. It is the Court's view that the FLSA is an "applicable federal statute" and, therefore, the parties may not stipulate to the dismissal of an FLSA claim without a court order.")   This is well-settled law in this Circuit.  *See, e.g., Pearson v. THD at Home Services, Inc.*, 2011 U.S. App. LEXIS 26429, *1-2 (11th Cir. Aug. 12, 2011) (dismissing an interlocutory appeal of an order denying a joint stipulation of dismissal in an FLSA case); *Miller v. Enhanced Recovery Co., LLC,* 2016 U.S. Dist. LEXIS 191633, *2 fn 1 (M.D. Fla. Dec. 2, 2016) (recognizing that Rule 41(a), allows a plaintiff to voluntarily dismiss an action after the defendant has filed an answer *only by a stipulation of dismissal signed by all parties or by court order*); *Serino v. Enhanced Recovery Co., LLC,* 2017 U.S. Dist. LEXIS 218873, *2 fn 1 (M.D. Fla. Dec. 2, 2016) (same); *Devries,* 2015 U.S. Dist. LEXIS 149643 at *13-14 ("Plaintiffs cannot simply unilaterally decide that [opt-in plaintiffs] are 'not members of the collective' by the

filing of an unauthorized Notice of Withdrawal.").  Here, Plaintiff has ignored this FLSA requirement.

Plaintiff refuses to agree to a dismissal of the Time-Barred Opt-in Plaintiffs despite his counsel's familiarity with Eleventh Circuit case law contrary to his position. Interestingly, Plaintiff's counsel, the Shavitz Law Group, was counsel in the *Devries* case, such that there care be no doubt that Plaintiff is on notice of prevailing law.  Notably, the court in *Devries* noted opined that "Plaintiffs' counsel contacted Defendants' counsel … and asked if Defendants would join in a stipulated order dismissing [an opt-in plaintiff] from the case because she wanted to be withdrawn from the matter … ***This was an implicit admission by Plaintiffs' counsel that the consent of Defendants' counsel was required to effectuate a dismissal of [an opt-in plaintiff]***." *Id.* at *13.

Here, Plaintiff inexplicably refuses to stipulate to a dismissal of the Time-Barred Opt-in Plaintiffs. Accordingly, Defendants have no choice but to move this Court to enter an Order dismissing them from this action, in accordance with Rule 41(b), FED. R. CIV. P.

WHEREFORE, Defendants, WASTE PRO USA, INC., and WASTE PRO OF FLORIDA, INC., respectfully request this Court enter an Order dismissing the claims of the Time-Barred Opt-in Plaintiffs, Roberto Manzo, Jesus de Jesus, Ihosvany Diaz,  Joseph Parker, Calvin Gilyard, Rex Hess, Francisco Rodriguez, Roberto Alonso, Figaro Fucien, Jose Veloz-Placencia , Frederick Rutherford, Terrence Watkins, and Michael Sapp, as party Plaintiffs to this action and providing such other relief as this Court deems necessary and just.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that it conferred with

Plaintiff's counsel via telephone conference regarding this Motion and Plaintiff's counsel

advises that he opposes the relief sought herein.

Respectfully submitted this 15th day of August, 2019.

STOVASH, CASE & TINGLEY, P.A.

By: _/s/Amy S. Tingley_____
Amy S. Tingley, Esquire
Florida Bar No. 0068871
Matthew J. Pearce, Esquire
Florida Bar No. 0108368
Jennifer Elouise Belbeck, Esquire
Florida Bar No. 0088946
The VUE at Lake Eola
220 N. Rosalind Avenue
Orlando, Florida 32801
Telephone: (407) 316-0393
Telecopier: (407) 316-8969
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished
to the below-named attorney 15th day of August, 2019.

| | |
|---|---|
| ___HAND DELIVERY | Greg I. Shavitz, Esquire |
| ___U.S. MAIL | Alan L. Quiles, Esquire |
| ___FAX TRANSMISSION | Michael J. Palitz, Esquire |
| _X_EMAIL TRANSMISSION | Shavitz Law Group, P.A. |
| ____ECF NOTICE | 1515 S. Federal Hwy, Suite 404 |
| | Boca Raton, Florida 33432 |
| | gshavitz@shavitzlaw.com |
| | aquiles@shavitzlaw.com |
| | mpalitz@shavitzlaw.com |
| | |
| ___HAND DELIVERY | Richard E. Hayber, Esquire |
| ___U.S. MAIL | Hayber Law Firm LLC |
| ___FAX TRANSMISSION | 221 Main Street, Suite 502 |

 X  EMAIL TRANSMISSION      Hartford, Connecticut 06106
____ECF NOTICE              rhayber@hayberlawfirm.com


___ HAND DELIVERY           Nicholas A. Migliaccio, Esquire
___U.S. MAIL                Jason S. Rathod, Esquire
___FAX TRANSMISSION         Whitfield, Bryson & Mason, LLP
 X  EMAIL TRANSMISSION      Suite 605
____ECF NOTICE              1625 Massachusetts Ave NW
                            Washington, DC 20036
                            nmigliaccio@classlawdc.com
__HAND DELIVERY             jrathod@classlawdc.com
___U.S. MAIL
___FAX TRANSMISSION         Daniel Aaron Rihn, Esquire
 X  EMAIL TRANSMISSION      Robert Peirce & Associates, PC
____ECF NOTICE              707 Grant Street, Suite 2500
                            Pittsburgh, Pennsylvania 15219-1912
                            arihn@peircelaw.com


                            /s/ *Amy S. Tingley*____
                            Amy S. Tingley