UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED W. THOMAS,

    Plaintiff,

v.                                                          Case No: 8:17-cv-2254-T-36CPT

WASTE PRO USA, INC. and WASTE PRO
OF FLORIDA, INC.,

    Defendants.
_____/

## **O R D E R**

       This matter comes before the Court upon Plaintiff's Motion for Judicial Notice (Doc. 222), and Defendants' response thereto (Doc. 223). In the motion, Plaintiff requests that the Court judicially notice thirty-three documents which include papers filed in other cases, orders entered in other cases, testimony, evidence, a verdict form, a final judgment, a satisfaction of judgment, and corporate filings. Doc. 222 at 1-7. Plaintiff further requests that the Court judicially notice "adjudicative facts," including the date the complaint was filed in *Andreu v. Waste Pro of Florida, Inc., et al.*, No:0:17-cv-60926 (S.D. Fla.) (*Andreu*), the date the trial began in *Andreu*, testimony that occurred during the *Andreu* trial, statements made during closing arguments in *Andreu*, the jury verdict in *Andreu*, the final judgment in *Andreu*, arguments made by Defendant Waste Pro of Florida, Inc. ("WP Florida") in *Andreu*, and the answer filed by Defendant Waste Pro USA, Inc. ("WP USA") in *Michael Riddle v. Waste Pro of USA, Inc.*, No. 6:11-cv-01593 (M.D. Fla) (*Riddle*). Doc. 222 at 7-13. Plaintiff contends that judicial notice is proper pursuant to Federal Rule of Evidence 201(b) because they are matters of public record and capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned. *Id.* at 13. Defendants respond that judicial notice is not proper because Plaintiff requests the Court to notice

the substance and conclusions of the documents, not just the fact that these documents were filed or proceedings occurred, which Defendants contend falls outside the bounds of Rule 201. The Court, having considered the motion and being fully advised in the premises, will grant the Motion for Judicial Notice only to the extent that it will recognize that the documents were filed, the dates that the events occurred, and the subject matter of litigation. The Court will not take judicial notice of the documents for the purpose of establishing the truth of the matter asserted in such documents.

## I. BACKGROUND

This is a collective action filed pursuant to § 216(b) of the FLSA by Plaintiff Alfred W. Thomas ("Thomas" or "Plaintiff") pertaining to the pay of certain "Helpers" employed by Defendants WP USA and WP Florida (collectively, "Defendants"), which alleges willful violations of the FLSA. Doc. 111 ¶¶ 1, 64, 72. Prior to this action, Roger Andreu filed an action against, among others, WP Florida, which also alleged violation of the FLSA. Doc. 197-5. That case proceeded to trial and the jury entered a verdict in favor of Andreu. Doc. 197-8. Final judgment was entered against WP Florida. Doc. 197-9. Also prior to this action, Michael Riddle filed an action against WP USA in which WP USA answered with an admission that Riddle was employed by WP USA as a truck driver. Doc. 197-37 ¶ 4. Plaintiff asks the Court to use various documents and evidence from these cases in support of his Motion for Summary Judgment, which are included as exhibits to his Motion for Summary Judgment.

## II. DISCUSSION

Federal Rule of Evidence 201(b)(2) states that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "[C]ourts may take judicial notice of documents from a prior proceeding because they are matters of public record and 'capable of

accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.' " *Zurich Am. Ins. Co. v. S.-Owners Ins. Co.*, 314 F. Supp. 3d 1284, 1300 (M.D. Fla. 2018) (quoting *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010). However, although a court may take judicial notice of documents filed in other courts, the court may not do so for the truth of the matters asserted in the other litigation, and may only take judicial notice to establish the fact of such litigation and related filings. *Id.* (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)). "As such, 'a court may take judicial notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the other order represents or the subject matter of the litigation.' " *Id.* (quoting *Jones*, 29 F.3d at 1553). Likewise, the court may take judicial notice of the documents filed in a proceeding, but not the facts contained in the documents. *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl-19UAM, 2008 WL 276030, at *3 n.2 (M.D. Fla. Jan. 31, 2008).

Similarly, the Court may take judicial notice of publicly filed corporate documents. *Allstate Ins. Co. v. Estate of Robert M. Levesque*, No. 8:08-cv-2253-T-EAJ, 2010 WL 2978037, at *1 (M.D. Fla. July 19, 2010). However, the Court may do so "only to the extent of what the documents state[], not to prove the truth of their contents." *Id.* (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11th Cir. 1999)).

Based on the above, the Court will take judicial notice of the documents listed in Plaintiff's Motion for Judicial Notice (Doc. 222), but, with respect to the matters filed in other cases, the Court will do so only to the extent of recognizing the litigation and the filing of the documents or occurrence of testimony, but will not take judicial notice of the facts contained in those documents. Those events, which appear on the public dockets for their respective cases, include:

- The *Andreu* complaint (Doc. 197-5)

- Portions of the *Andreu* trial testimony (Docs. 197-9, 197-17, 197-19, 197-20, 197-49)

- The *Andreu* docket sheet (Doc. 197-7)

- The signed *Andreu* verdict form (Doc. 197-8)

- The *Andreu* final judgment (Doc. 197-9)

- The *Andreu* answer and affirmative defenses (Doc. 197-45)

- The *Andreu* witness list for WP Florida (Doc. 197-46)

- WP Florida's exhibit 3 from the *Andreu* trial (Doc. 197-47)

- WP Florida's motion for judgment as a matter of law in *Andreu* (Doc. 197-50)

- The order denying WP Florida's motion for judgment as a matter of law in *Andreu* (Doc. 197-51)

- The satisfaction of judgment in *Andreu* (Doc. 197-52)

- Andreu's exhibit 3 from the *Andreu* trial (Doc. 197-21)

- Testimony of Shane Munoz, Esq. from the *Andreu* trial (Doc. 197-17)

- Testimony of Regina Lombardo from the *Andreu* trial (Doc. 197-19)

- Testimony of Andreu from the *Andreu* trial (Doc. 197-20)

- Testimony of Russell Mackie from the *Andreu* trial (Doc. 197-19)

- The order denying WP Florida's motion for summary judgment in *Andreu* (Doc. 207-1)

- WP Florida's motion for summary judgment in *Andreu* (Doc. 207-2)

- WP Florida's reply in support of its motion for summary judgment in *Andreu* (Doc. 207-3)

- The *Riddle* answer (Doc. 197-37)

Additionally, the Court will judicially notice the Florida and Foreign Profit Corporation Annual Reports for WP USA, Waste Pro of Alabama, Inc., WP Florida, Waste Pro of Georgia, Inc., Waste Pro of Louisiana, Inc., Waste Pro of Mississippi, Inc., Waste Pro of North Carolina, Inc., and

Waste Pro of South Carolina, Inc. (Doc. 197-25), which were filed with the Florida Secretary of State and are publicly available with the Florida Department of State Division of Corporations. However, the Court will do so only to recognize what is stated in the documents, and not to establish the truth of such facts. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Judicial Notice (Doc. 222) is **GRANTED.** The Court will judicially notice the documents cited herein to the extent of recognizing the judicial acts and the subject matter of the litigation in other cases, and to recognize what is stated in the corporate documents, but not to establish the truth of such facts contained in court papers and corporate documents.

**DONE AND ORDERED** in Tampa, Florida on August 15, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any