# SETTLEMENT AGREEMENT AND RELEASE
# OF FAIR LABOR STANDARDS ACT CLAIM

**THIS SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT CLAIM** (the "Settlement Agreement") is made and entered into this 14 day of September, 2020, by and between ALFRED W. THOMAS ("Plaintiff") and WASTE PRO FLORIDA, INC. ("Waste Pro Florida"). Plaintiff and Waste Pro Florida may be referred to herein individually as a "Party" and collectively as "the Parties."

## RECITALS:

A. **WHEREAS**, Plaintiff was employed by Delta Sanitation of Mississippi, LLC ("Delta Sanitation"), between January 2016 and April 2017.

B. **WHEREAS**, Plaintiff was employed by Waste Pro Florida between April 2017 and through the end of 2018, following a leave of absence in the wake of Hurricane Michael.

C. **WHEREAS**, on or about September 28, 2017, Plaintiff and two others filed a Complaint commencing a collective action in the case styled *Alfred W. Thomas, Edward Allen and Dodd Blandon v. Waste Pro USA, Inc., Waste Pro of Florida, Inc., and Delta Sanitation of Mississippi*, in the United States District Court for the Middle District of Florida, as Case No. 8:17-cv-2264-CEH-TBM (the "Action").

D. **WHEREAS**, in the Action, Plaintiff and the others asserted claims for unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Delta Sanitation, Waste Pro Florida, and Waste Pro USA. The claims under the FLSA were on behalf of the 3 plaintiffs, and on behalf of "all similarly situated current and former Helpers, Drivers, and other similar employees, who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA." [*See* Doc. 1, ¶ 3.]

E. **WHEREAS**, Delta Sanitation sought dismissal of the Action for lack of personal jurisdiction.

F. **WHEREAS**, Waste Pro USA has denied that it ever employed Plaintiff (or any Helpers), either directly or as a joint employer, throughout the Action.

G. **WHEREAS**, on November 17, 2017, a Joint Stipulation for Voluntary Dismissal Without Prejudice in the Action was filed, resulting in the dismissal without prejudice of all claims asserted against Delta Sanitation in the Action.

H. **WHEREAS**, on June 20, 2018, Plaintiff filed a Second Amended Complaint in the Action, which dismissed without prejudice the claims of the other named plaintiffs.

I. **WHEREAS,** on March 12, 2019, the Court in the Action entered an Order conditionally certifying a collective action on Plaintiff's claim under the FLSA.

J. **WHEREAS**, on July 6, 2020, the Court in the Action entered an Order granting Defendants' Motion to Decertify Collective Action, which left Plaintiff as the only plaintiff in the Action.

K. **WHEREAS**, the Parties have agreed to resolve Plaintiff's FLSA claim that is the subject of the Action, as set forth further below.

**AGREEMENT:**

**NOW, THEREFORE**, for and in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and accepted, the Parties agree as follows:

1. **Recitals.** The foregoing recitals are true and correct, and are hereby incorporated into this Settlement Agreement.

2. **Settlement of Disputed Claims.** The Parties acknowledge and agree that this Settlement Agreement is given in compromise of a disputed claim and any payment made hereunder shall not be construed as an admission of liability by any current or previous defendant in the Action. Without admitting any wrongdoing or liability, the Parties to this Agreement desire to amicably resolve all disputes between them arising from or related to Plaintiff's FLSA claim, including without limitation disputes related to damages, interest, attorneys' fees and costs asserted by Plaintiff in the Action.

3. **Settlement Payment.** In consideration for the release set forth herein, Waste Pro Florida shall make a settlement payment of **Seventy-Thousand Dollars and No Cents ($70,000.00)** to Plaintiff and his counsel (the "Settlement Payment"), which shall be apportioned as follows: (1) Twenty Thousand Dollars and No Cents ($20,000.00) to Plaintiff, as payment for all unpaid wages sought by Plaintiff in his FLSA claim in the Action; and (2) Fifty Thousand Dollars and No Cents ($50,000.00) to Plaintiff's counsel to resolve all claims for attorneys' fees and costs asserted by Plaintiff in the Action under the FLSA. Waste Pro Florida shall make the Settlement Payment to Plaintiff's counsel within ten (10) days of execution of this Settlement Agreement by all Parties.

4. **Dismissal with Prejudice.** Within three (3) days of receipt of the Settlement Payment, Plaintiff, Waste Pro Florida, Waste Pro USA and Delta Sanitation shall file a Joint

Stipulation of Dismissal with Prejudice, which shall dismiss with prejudice Plaintiff's FLSA claim against Waste Pro Florida, Waste Pro USA and Delta Sanitation.

5. **FLSA Release.** Except for the obligations and performances due under this Agreement, Plaintiff hereby releases, acquits, satisfies, and forever discharges Waste Pro Florida, Waste Pro USA, and Delta Sanitation from the FLSA claim that was asserted in the Action. Plaintiff further releases, acquits, satisfies, and forever discharges Waste Pro Florida, Waste Pro USA, and Delta Sanitation from any claims for unpaid wages under the FLSA accruing at any time prior to the execution of this Settlement Agreement.

6. **Attorneys' Fees and Costs.** Other than the payment of Plaintiff's attorneys' fees and costs provided for in Paragraph 3 of this Settlement Agreement, each party in the Action shall bear its own attorneys' fees, costs, and court costs incurred in the Action.

7. **Acknowledgment.** The Parties represent and acknowledge that they have read this Agreement and have executed the same after first conferring with counsel and that they have not in any way relied upon any promise or representation of the other Party, or the other Party's counsel, in making this Agreement.

8. **Corporate Authority.** To the extent applicable, the representative(s) of the Party(ies) designated below warrant that he/she has the authority to execute this Agreement on behalf of the respective Party and its officers and/or directors, and with the intent that the Party be bound to the terms and conditions set forth herein. This Agreement shall be binding upon the Parties, their successors and assigns.

9. **Facsimile and Counterparts.** This Agreement may be signed in counterpart and shall become binding once all the Parties have affixed their signatures hereto. For purposes of enforcement of this Agreement, a signed copy by facsimile transmission shall be binding upon all parties as an original.

10. **Joint Authorship.** This Settlement Agreement shall be deemed to have been drafted jointly by the Parties. Accordingly, any rule of construction to the effect that ambiguities are to be resolved against the drafting party, shall not apply to the interpretation of this Settlement Agreement or to any modification of or amendment to this Settlement Agreement.

11. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties on the subject matter hereof and supersedes all prior written and/or verbal agreements between them on the subject matter thereof.

12. **Choice of Law.**  This Agreement shall be governed by the laws of the State of Florida, without regard to choice of law rules.

13. **Severability.**  To the extent that any provision contained herein, or any portion of any provision contained herein, is deemed unlawful or unenforceable, that provision, or portion of a provision, shall be deemed severable from the remainder of this Agreement, and all other terms and conditions of this Agreement shall be given full force and effect.

14. **Separability**.  Each and every covenant and agreement herein shall be separate and independent from any other and the breach of any covenant or agreement shall in no way or manner discharge or relieve the performance of any other covenant or agreement.

DocuSigned by:

*/s/ Alfred W. Thomas/*
—E9DA3B6E89EC47C...
ALFRED W. THOMAS

WASTE PRO OF FLORIDA, INC.

By: _/s/ E. Ralph Mills/_
E. Ralph Mills

Its: _RVP_

Date: _9/18/20_

4