UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED W. THOMAS,

      Plaintiff,

v.                                                                      Case No. 8:17-cv-2254-T-36CPT

WASTE PRO USA, INC. and
WASTE PRO OF FLORIDA, INC.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before me on referral for consideration of the parties' *Joint Motion for Approval of Settlement and Dismissal with Prejudice*.  (Doc. 398).  For the reasons discussed below, I respectfully recommend that the parties' motion be granted.

I.

In September 2017, Plaintiff Alfred Thomas, along with two other individuals, commenced this action by filing a complaint against Defendants Delta Sanitation of Mississippi, LLC, Waste Pro USA, and Waste Pro Florida, asserting claims for unpaid overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. (Doc. 1).   Delta Sanitation was later dismissed from the action (Doc. 35), and Thomas twice amended his complaint effectively resulting in the claims of the two other named plaintiffs being dropped (Docs. 61, 111).

By way of his second amended complaint, Thomas sought to bring a collective action against Waste Pro USA and Waste Pro Florida (collectively, the Waste Pro entities), claiming that he and other non-exempt, hourly employees worked more than forty hours per week but were not paid the required rate of one and a half times their regular pay for those overtime hours.   (Doc. 111).   In response to the Court's interrogatories, Thomas separately averred that he was entitled to unpaid wages and liquidated damages in the total amount of $17,643.46 for the period between February 5, 2016, and October 13, 2017.   (Doc. 53).   In their answers to Thomas's second amended complaint, the Waste Pro entities generally denied his allegations and also raised various affirmative defenses.   (Docs. 130, 131).

In March 2019, the Court conditionally certified a collective action of the FLSA claims against the Waste Pro entities.   (Doc. 224).   The parties thereafter engaged in discovery with respect to those claims and filed a number of motions for summary judgment.   Following the Court's resolution of those motions, the Waste Pro entities moved to decertify the collective action.   (Doc. 366).   The Court granted that motion in July 2020, leaving Thomas as the sole plaintiff in this case.   (Doc. 393).

Roughly two and a half months later, in late September 2020, the parties filed the instant motion pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), requesting that the Court approve a settlement agreement they had executed a week earlier.   (Doc. 398).   Under the terms of that settlement agreement, the Waste Pro entities stipulated that they would pay Thomas $20,000 in unpaid overtime wages and liquidated damages, as well as $50,000 in attorneys' fees and costs.

*Id.*; (Doc. 398-1).    The parties assert in their instant motion that this resolution represents a reasonable compromise of Thomas's FLSA claims and that he is receiving full compensation for his unpaid wage claims.    (Doc. 398 at 2-4).    The parties further aver that the agreed-upon attorneys' fees and costs represent a significant reduction from what counsel could have billed and were negotiated independently of Thomas's FLSA unpaid wage settlement amount.    *Id.* at 4.

II.

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees."    *Lynn's Food*, 679 F.2d at 1352.    To further this Congressional purpose, the Supreme Court has placed "limits on the ability of private parties to settle FLSA lawsuits."    *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 704-05 (1945)).    As a result, in FLSA actions brought directly by current and former employees for unpaid wages, district courts must scrutinize settlement agreements "for fairness" before dismissing such actions.    *Id.* at 1306-07 (quoting *Lynn's Food*, 679 F.2d at 1353).    Specifically, the court must determine that the agreements are a "fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions."    *Lynn's Food*, 679 F.2d at 1355.

District courts are afforded discretion in deciding whether to approve FLSA settlements.    *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir.

3

2013).[1]   If a court finds that a settlement agreement reflects a fair and reasonable compromise of the contested issues, it may approve that agreement "in order to promote the policy of encouraging settlement in litigation."   *Lynn's Food*, 679 F.2d at 1354.

If, however, "an FLSA plaintiff has been offered 'full compensation,' then the case does not involve a compromise under *Lynn's Food Stores* and therefore, judicial scrutiny with respect to the fairness and reasonableness of any proposed settlement is unnecessary."   *Morea v. Mike Beardsley Enterprises, Inc.*, 2012 WL 4052321, at *1 (M.D. Fla. June 25, 2012) (citing *MacKenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003); *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007)), *report and recommendation adopted*, 2012 WL 4069243 (M.D. Fla. Sept. 13, 2012); *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 n.6 (M.D. Fla. 2009) ("If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement.") (citation omitted).

Based upon my review of the parties' filings and their representations, it appears that the settlement of Thomas's FLSA claims provides him with full compensation of all of the unpaid wages and liquidated damages to which he claims he is entitled. Indeed, as discussed above, he stated in his answers to the Court's interrogatories that he was owed approximately $2,500 less than the current $20,000 settlement figure.

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority.   11th Cir. R. 36-2.

(Doc. 53).   Judicial approval of the parties' settlement agreement therefore does not appear to be required.

To the extent such approval is necessary, I find that the parties' proposed settlement constitutes a fair and reasonable resolution of Thomas's FLSA unpaid wage claims.   *See, e.g., Dees v. Hydradry*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).   A number of considerations inform my conclusion.

It is apparent at the outset that the settlement disposes of a bona fide dispute under the FLSA, insofar as it resolves the parties' disagreement as to whether, and the degree to which, Thomas is owed the overtime pay he seeks.   *Dees*, 706 F. Supp. 2d at 1241.   I note in this regard that, throughout this litigation, the Waste Pro entities have disputed Thomas's allegations, *inter alia*, that they are liable for his FLSA overtime claims, that they were a joint employer, and that they did not act in good faith in declining to pay overtime to their employees.

In light of these contested issues of law and fact and to avoid the expense and uncertainty of further litigation, the parties—through their attorneys—have agreed to settle the matter under terms they assert are fair and reasonable, as well as in their respective best interests.   *Id*.   As decisions issued in this District have recognized, an FLSA settlement "will, almost by definition, be reasonable" where, as here, "the parties are represented by competent counsel in an adversary context."   *Dees*, 706 F. Supp. 2d at 1241 (quoting *Bonetti*, 715 F. Supp. 2d at 1227).   Accordingly, I find that the resolution of Thomas's FLSA claim for $20,000 is fair and reasonable.

With respect to the matter of attorneys' fees and costs, the FLSA requires the Court to review the reasonableness of the proposed fee amount "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Here, as noted above, the parties state that the stipulated sum of $50,000 to be paid to Thomas's counsel was negotiated separately from Thomas's recovery and without regard to the settlement amount for his overtime claim. The parties also represent that this figure is far less than what counsel could have sought under the lodestar method if Thomas prevailed at trial. Under the circumstances, these representations are sufficient. *See Bonetti*, 715 F. Supp. 2d at 1228 (providing that the reasonableness of the parties' agreed-upon attorneys' fee amount may be established by the parties' representation that they stipulated to this figure separately and without regard to the sum paid to settle plaintiff's FLSA claim). As a result, I find that the provision for attorneys' fees and costs in the parties' settlement agreement does not undermine the fairness or reasonableness of that agreement.

## III.

For the reasons set forth above, I recommend that the Court:

1.    Grant the parties' *Joint Motion for Approval of Settlement and Dismissal with Prejudice* (Doc. 398);

2.    Approve the parties' settlement agreement (Doc. 398-1);

3.    Dismiss this action with prejudice; and

4.    Direct the Clerk of Court to terminate any pending motions and
deadlines and to close the case.

Respectfully submitted this 21st day of October 2020.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

A party has fourteen (14) days from this date to file written objections to the
Report and Recommendation's factual findings and legal conclusions.    A party's
failure to file written objections, or move for an extension of time to do so, waives that
party's right to challenge on appeal any unobjected-to factual finding(s) or legal
conclusion(s) the District Judge adopts from the Report and Recommendation.    *See*
11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


Copies furnished to:
Honorable Charlene Edwards Honeywell, United States District Judge
Counsel of record